UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TODD SAMUEL MATTOX, | |
| Petitioner, | Case No. 1:05-cv-173 |
| v. | Honorable Robert Holmes Bell |
| BARRY DAVIS, | |
| | **REPORT AND RECOMMENDATION** |
| Respondent. | |

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is serving a sentence of 25-to-45 years after a jury convicted him of assault with intent to commit murder, as well as lesser sentences for firearms offenses. His *pro se* habeas corpus petition sets forth twelve grounds for relief, including thirteen specific instances of ineffective assistance of counsel and eleven specific allegations of prosecutorial misconduct. The Attorney General has filed a lengthy answer to the habeas corpus petition.

After respondent filed its answer, petitioner filed a verified motion to stay proceedings. (docket # 25). In this motion, petitioner seeks leave to amend his petition to add a thirteenth ground for relief. The proposed new ground, as set forth in the motion, is as follows:

> A). DEFENDANT MATTOX WAS DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW, WHERE HIS CONVICTION AND SENTENCE WERE EFFECTUATED UPON A JURISDICTIONAL DEFECT, WHEREAS THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION TO PROCEED.

(Motion, docket # 25, at ¶ 5).

In support of this new ground for relief, petitioner argues that the felony complaint and arrest warrant issued by the state district judge were defective because they were based upon knowingly false testimony presented by the complaining detective. (*Id.*, ¶6). Petitioner's motion concedes that the new ground for relief is unexhausted in the state courts. Therefore, petitioner asks this court to stay all proceedings and allow him to return to the state circuit court for purposes of filing a post-conviction motion raising this ground for relief. This habeas corpus action has been referred to me for issuance of reports and recommendations on dispositive matters pursuant to 28 U.S.C. § 636(c) and Rule 10 of the Rules Governing Habeas Corpus Proceedings in the District Courts.

If petitioner is allowed to amend the petition to assert an unexhausted claim, the petition will then be considered a "mixed petition," that is, one asserting both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). Recognizing the prohibition against mixed petitions, petitioner asks for a stay of proceedings so that he can present his thirteenth ground for relief to the state courts. The Supreme Court has recently issued a definitive decision governing requests by a habeas petitioner for stay of proceedings in order to exhaust state remedies. In *Rhines v. Weber*, 125 S. Ct. 1528 (2005), the Court held that a district court has discretion to issue a stay of habeas corpus proceedings to allow exhaustion, but only if (1) petitioner shows he had good cause for failing to exhaust his claims in the state courts and (2) the unexhausted claim is not "plainly meritless." 125 S. Ct. at 1535. Even assuming that petitioner had good cause for failing to raise the additional claim in state court, *Rhines* would preclude this court from granting a stay because the unexhausted claim is "plainly meritless."

Petitioner's proposed thirteenth claim for habeas corpus relief seeks to challenge the state court's jurisdiction by attacking the validity of the complaint and arrest warrant by which the criminal prosecution was begun. Petitioner apparently seeks to argue that his arrest violated the Fourth Amendment, because it was based upon a knowingly false affidavit from the complaining officer. Under the *Kerr-Frisbie* doctrine, however, the power of a court to try a person is not impaired by any defect in the arrest warrant or the method of bringing the person before the court. *See Frisbie v. Collins*, 342 U.S. 519 (1952); *Kerr v. Illinois*, 119 U.S. 436 (1986). The Supreme Court has consistently applied this doctrine in holding that an illegal arrest does not void a subsequent conviction. *See, e.g., Gerstein v. Pugh*, 420 U.S. 103, 119 (1975). Petitioner's assertion that an allegedly illegal arrest somehow deprives the courts of jurisdiction to convict a criminal defendant has been pointedly rejected by the Supreme Court in these and other cases. *See, e.g., United States v. Alvarez-Machain*, 504 U.S. 655 (1992); *United States v. Crews*, 445 U.S. 463, 474 (1980) ("An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction.").

In order to establish entitlement to habeas corpus relief, a petitioner must base his claim upon clearly established law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362 (2000). In the present case, petitioner's proposed thirteenth ground for relief is not supported by any clearly established Supreme Court authority. To the contrary, the Supreme Court has rejected claims such as petitioner's for over 100 years. In these circumstances, staying the proceedings to allow petitioner to exhaust a plainly meritless claim would be an abuse of this court's discretion. *Rhines*, 125 S. Ct. at 1535.

**Recommended Disposition**

For the foregoing reasons, I recommend that petitioner's motion to stay proceedings (docket # 25) be denied, including petitioner's implicit request for leave to amend the petition to include the additional ground specified in paragraph 5.

Dated:   September 16, 2005             /s/  Joseph G. Scoville
                                        United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).