UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TODD SAMUEL MATTOX, | )<br>) |
| Petitioner, | )   Case No. 1:05-cv-173<br>) |
| v. | )   Honorable Robert Holmes Bell<br>) |
| BARRY DAVIS, | )<br>)   **MEMORANDUM OPINION** |
| Respondent. | )   **AND ORDER**<br>) |

Petitioner in this habeas corpus action challenges his conviction for assault with intent to commit murder, and related offenses, entered in the Ingham County Circuit Court. Although the petition sets forth twelve grounds for relief, petitioner has moved to stay these proceedings to allow him an opportunity to exhaust a thirteenth claim in the state courts. Magistrate Judge Joseph G. Scoville issued a report and recommendation, recommending that the motion to stay be denied, because petitioner had failed to meet the standards established by the Supreme Court in *Rhines v. Weber*, 125 S. Ct. 1528 (2005), which governs the court's exercise of discretion in determining whether to stay proceedings to allow presentation of an unexhausted claim to the state courts. Petitioner has now filed an objection to the report and recommendation. (docket # 51). The court reviews objections to a report and recommendation *de novo*. FED. R. CIV. P. 72(b).

The magistrate judge recommended that the motion to stay be denied, on the ground that the petitioner's unexhausted claim is meritless. Petitioner objects to the examination of the merits of his claim, contending that the only issue is whether he should be allowed to return to state

court. Petitioner is mistaken. Under the clear holding of *Rhines v. Weber*, cited by the magistrate judge but totally ignored by petitioner, a district court does not have discretion to stay habeas corpus proceedings to allow exhaustion if the unexhausted claim is "plainly meritless." 125 S. Ct. at 1535. The court is therefore obliged to examine petitioner's unexhausted claim to determine whether it is plainly meritless.

Petitioner's unexhausted claim seeks to challenge his conviction on the ground that the criminal complaint issued in the state district court was defective, because it was based upon knowingly false testimony provided by a detective. The magistrate judge appropriately concluded that such challenges to the events surrounding the institution of a state criminal proceeding are irrelevant to the validity of the ultimate conviction and therefore provide no ground for habeas corpus relief. Petitioner cites no federal authority to the contrary. *Franks v. Delaware*, 438 U.S. 154 (1978), which petitioner claims is "controlling," is in fact inapposite. *Franks* involved the circumstances under which a *search warrant* is invalid under Fourth Amendment principles because it was issued on the basis of knowingly or recklessly false information. *Franks* has no application to criminal complaints or arrest warrants and does not provide authority for setting aside a valid conviction on the basis of alleged defects in the original criminal complaint. *Giordenello v. United States*, 357 U.S. 480 (1958), also cited by petitioner, has no bearing on this habeas corpus challenge to a state conviction. *Giordenello* involved a federal criminal prosecution that was decided under the Federal Rules of Criminal Procedure. It did not establish constitutional principles binding upon the state courts.

As correctly noted by the magistrate judge, challenges to the propriety of initial proceedings in the state courts are not cognizable in federal habeas corpus, because they do not

undermine the validity of a conviction. *See Gerstein v. Pugh*, 420 U.S. 103, 119 (1975); *Roe v. Baker*, 316 F.3d 557, 570 (6th Cir. 2002) ("Beyond notice, a claimed deficiency in a state criminal indictment is not cognizable on federal collateral review."); *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986); *Lewis v. Procunier*, 746 F.2d 1073, 1075 (5th Cir. 1984) (allegation of defective indictment insufficient to state a claim for habeas relief); *Johnson v. Turner*, 429 F.2d 1152, 1154 (10th Cir. 1970) (alleged defect in state complaint not cognizable in habeas corpus); *Hogan v. Ward*, 998 F. Supp. 290, 294-95 (W.D.N.Y. 1998) (petitioner not entitled to relief on ground that state felony complaint was defective). Taken at face value, petitioner's allegations establish, at best, that the original complaint was not based upon a proper showing of probable cause. It is well settled, however, that a convicted defendant cannot upset a conviction on the argument that no probable cause was shown prior to conviction. *See United States v. Saussy*, 802 F.2d 849, 852 (6th Cir. 1986). Consequently, even if petitioner were able to show that the complaint was not supported by a sufficient factual showing, this in no way impugns his conviction, which was based upon a jury verdict, not on the complaint. *See United States v. Mechanik*, 475 U.S. 66, 73 (1986) ("Jury's verdict rendered harmless any conceivable error in charging decision. . . .").

Upon *de novo* review of petitioner's objections, the court concludes that petitioner's motion to stay proceedings should be denied, because the claim that he seeks to exhaust in the state courts is plainly meritless and is not supported by any clearly established Supreme Court authority. Accordingly:

IT IS ORDERED that petitioner's objections (docket # 51) be and hereby are OVERRULED.

IT IS FURTHER ORDERED that petitioner's motion for stay of proceedings (docket # 25) be and hereby is DENIED, including petitioner's implicit request for leave to amend the petition to add a thirteenth claim.

Date:   October 18, 2005           /s/ Robert Holmes Bell
                                                                  ROBERT HOLMES BELL
                                                                  CHIEF UNITED STATES DISTRICT JUDGE