UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| TODD SAMUEL MATTOX, #186106,  ) | |
|                               ) | |
| Petitioner,                   ) | Case No. 1:05-cv-173 |
|                               ) | |
| v.                            ) | Honorable Robert Holmes Bell |
|                               ) | |
| BARRY DAVIS,                  ) | |
|                               ) | **MEMORANDUM OPINION** |
| Respondent.                   ) | |
|                               ) | |

This is an application for habeas corpus relief filed by a state prisoner pursuant to 28 U.S.C. § 2254. The matter is now before the court on petitioner's motion for leave to amend his petition. (docket # 56). Upon review, the court finds the new grounds that petitioner seeks to add to his petition are barred by the one-year statute of limitations period established by 28 U.S.C. § 2244(d)(1). The motion for leave to amend will be denied as futile.

On March 7, 2005, petitioner filed his initial petition. The initial petition was filed within the 1-year limitations period. None of the grounds raised in the initial petition are barred by 28 U.S.C. § 2244(d)(1). The proposed new grounds are time-barred. Petitioner's direct appeal of his criminal conviction concluded on March 22, 2002, when the Michigan Supreme Court issued its order denying petitioner's application for leave to appeal. Petitioner's ninety-day period within which to petition the United States Supreme Court for *certiorari* expired on June 20, 2002. The one-year statute of limitations clock began running against petitioner on June 21, 2002. *See Bronough v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000); *Linscott v. Rose*, 436 F.3d 587, 591 (6th Cir. 2006). The

clock continued to run for a total of 280 days, until March 28, 2003, when petitioner filed a motion for post-conviction relief in Ingham County Circuit Court. The clock remained tolled during petitioner's state post-conviction proceedings until December 29, 2004, when the Michigan Supreme Court issued its order denying petitioner's application for leave to appeal. *See* 28 U.S.C. § 2244(d)(2). The limitations period remained tolled during petitioner's ninety days within which to apply to the United States Supreme Court for a writ of certiorari.[1] *See Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003)*; see also Ali v. Tennessee Bd. of Pardon & Paroles*, 431 F.3d 896, 899 (6th Cir. 2005)*.*

Petitioner filed his initial petition on March 7, 2005. The filing of petitioner's federal habeas corpus petition did nothing to toll the limitations period on grounds that were not raised in his initial petition. *See Duncan v. Walker*, 533 U.S. 167, 182 (2001). The statute of limitations clock began running on these grounds on March 30, 2005. The one-year limitations period expired 85 days later on June 22, 2005. Respondent filed an answer to the petition. (docket # 23). On July 11, 2006, well over a year after the limitations period expired, petitioner filed his motion for leave to amend his petition. (docket # 56). All the new grounds petitioner proposes to add are time-barred, unless petitioner's proposed amendment relates back to his initial petition under the standards announced by the Supreme Court in *Mayle v. Felix*, 125 S. Ct. 2562 (2005).

In *Mayle*, the Supreme Court held that when a petitioner seeks leave to amend the petition to add claims after the expiration of ADEPA's one-year limitations period, the proposed

---

[1] Supreme Court has granted certiorari to resolve a conflict among the courts of appeals regarding whether a habeas petitioner is entitled to tolling during the 90-day period within which to seek Supreme Court review following the denial of state post-conviction relief. *See Lawrence v. Florida*, 126 S. Ct. 1625 (2006).

amendment relates back to the original pleading only "if the original and amended pleadings 'ar[i]se out of the conduct, transaction or occurrence.'" 125 S. Ct. at 2569 (quoting FED. R. CIV. P. 15(c)(2)). The Supreme Court rejected as "capacious" the construction the Seventh and Ninth Circuits had utilized, which had permitted relation back "so long as the new claim stemm[ed] from the habeas petitioner's trial, conviction or sentence." 125 S. Ct. at 2570-71. The Supreme Court observed that such a construction necessarily undermined the "tight time line" that Congress had enacted to advance the finality of criminal convictions. *Id.* at 2573. The Court held that "relation back depends on the existence of a 'common core of operative facts' uniting the original and newly asserted claims." *Id.* at 2572. Relation back is permitted "only when the claims added by the amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate 'both in time and type' from the originally raised episodes." 125 S. Ct. 2571. Applying these standards, the Court held that an amended petition targeting pretrial statements did not relate back to the petitioner's timely original petition which had targeted videotaped witness testimony. 125 S. Ct. at 2566. Applying these standards to petitioner's motion, it is clear that petitioner's proposed amendment does not relate back to his initial petition.

        Petitioner's motion states that he seeks to add claims of ineffective assistance of counsel based on "Trial counsel's failure to request discovery and his failure to conduct any pre-trial investigation." (Motion, ¶ 2(A), docket # 56). Among the numerous grounds raised in the initial petition are the 15 claims of ineffective assistance of trial counsel set forth verbatim below:

    1.    IMPEACH PROSECUTION WITNESS STACY MEZO WITH PRIOR INCONSISTENT STATEMENTS AT THE PRELIMINARY EXAMINATION WHICH CONTRADICTED HER IN-TRIAL IDENTIFICATION OF PETITIONER.

2. EITHER PRESENT EXPERT TESTIMONY ON IDENTIFICATION OR SEEK INSTRUCTIONS BASED ON *PEOPLE V FRANKLIN ANDERSON*, WHERE MISIDENTIFICATION WAS THE KEY ISSUE.

3. SEEK A LINEUP.

4. MOVE TO SUPPRESS EVIDENCE ILLEGALLY SEIZED IN A WARRANTLESS SEARCH OF THE VEHICLE.

5. MOVE TO SUPPRESS EVIDENCE THAT WAS FRUIT OF PETITIONER'S ILLEGAL ARREST ON AN INVALID ARREST WARRANT.

6. PRESENT WITNESS DEWAYNE DAWSON TO SHOW THAT WITNESS CLINT BROOKS MADE PRIOR INCONSISTENT STATEMENTS THAT THE POLICE WERE PRESSURING HIM TO IDENTIFY PETITIONER AS THE ASSAILANT.

7. MOVE TO SEVER COUNT III, THE FELON-IN-POSSESSION CHARGE, AND IN FAILING TO SEEK INSTRUCTIONS THAT THE JURY COULD ONLY CONSIDER PETITIONER'S FELONY CONVICTION IN DETERMINING GUILT OR INNOCENCE TO COUNT III.

8. IMPEACH KEY EYEWITNESS ANTHONETTE ANTES WITH HER PRIOR FELONY RECORD.

9. OBJECT TO PROSECUTION ARGUMENT THAT THE POLICE DID NOT CONSIDER AN ALTERNATIVE SUSPECT WAS "WORTH LOOKING AT".

10. OBJECT AND MOVE FOR A CURATIVE INSTRUCTION WHEN THE PROSECUTOR PREJUDICIALLY INFRINGED ON PETITIONER'S FIFTH AMENDMENT RIGHTS BY ARGUING THAT IT WAS NOT UNTIL TRIAL THAT HE IDENTIFIED ANOTHER PERSON AS THE ASSAILANT.

11. PRESENT EVIDENCE AT SENTENCING TO SHOW MICHAEL AUSTIN'S EXTENSIVE CRIMINAL HISTORY OF VIOLENCE.

12. OBJECT TO IMPROPER INSTRUCTIONS.

      13.     OBJECT TO THE PREJUDICIAL OTHER-ACTS EVIDENCE OF PETITIONER'S ALLEGED PAROLE VIOLATIONS AND DRIVER'S LICENSE SUSPENSION.

      14.     TRIAL COUNSEL FAILED TO CALL EYEWITNESS SABRINA JOHNSON-MATTOX AND RES GESTAE WITNESS TAMMY LEE ON BEHALF OF PETITIONER.

      15.     TRIAL COUNSEL'S FAILURE TO OBJECT AND MOVE FOR A CURATIVE INSTRUCTION WARNING THE JURY NOT TO CONSIDER THE PROSECUTOR'S IMPROPER STATEMENTS DURING CLOSING CONSTITUTED INEFFECTIVE ASSISTANCE.

None of the above-listed grounds attacked the discovery or pretrial investigation conducted by petitioner's trial attorney, Rene Cooper. Moreover, the newly asserted grounds are largely predicated on the actions or inactions of Attorney Leslie Cooper. (docket # 56 at 1, 2, 5. 6, 8, 9 and Ex. A). Petitioner's proposed amendment does not arise from a common core of operative facts. Thus, the newly proffered grounds are time barred, and petitioner's motion for leave to amend will be denied as futile. *See Wiedbrauk v. Lavigne*, 174 F. App's 993, 1001-02 (6th Cir. 2006).

## Conclusion

      For the reasons set forth herein, the petitioner's motion for leave to amend (docket # 56) will be denied.


Date:   February 6, 2007          /s/ Robert Holmes Bell
                                              ROBERT HOLMES BELL
                                              CHIEF UNITED STATES DISTRICT JUDGE