UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD SAMUEL MATTOX #186106,

    Petitioner,

v.

BARRY DAVIS,

    Respondent.
_____/

File No. 1:05-CV-173

HON. ROBERT HOLMES BELL

**O P I N I O N**

    This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. (Dkt. No. 2, Pet. for Writ of Habeas Corpus.) The matter was referred to the Magistrate Judge, who issued a Report and Recommendation ("R&R"), recommending that this Court deny the petition. (Dkt. No. 64.) This matter is presently before the Court on Petitioner Todd Samuel Mattox's objections to the R&R that were filed on August 24, 2007. (Dkt. No. 71.) For the reasons that follow, Petitioner's objections will be denied and the R&R will be adopted as the opinion of the Court.

    This Court reviews de novo those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

**I.**

On August 21, 1995, Petitioner shot Michael D. Austin in the face at close range. Between November 4, 1996, and November 8, 1996, Petitioner had a jury trial in Ingham County Circuit Court before Circuit Judge Carolyn Stell. (Dkt. Nos. 32-35, Trial Tr., Vols. I-IV.) On November 8, 1996, the jury returned a guilty verdict on all three counts, assault with intent to commit murder, M.C.L. § 750.83, possession of a firearm during the commission of a felony, M.C.L. § 750.227b, and possession of a firearm by a person convicted of a felony, M.C.L. § 750.224f. (Trial Tr., Vol. IV, 242:19-246:1.) On December 4, 1996, Petitioner was sentenced to twenty-five-to-forty-five years' imprisonment on the assault with intent to commit murder conviction, a concurrent three-to-five years' imprisonment on the felon in possession of a firearm conviction, and a consecutive term of two years' imprisonment on the possession of a firearm during the commission of a felony conviction. (Dkt. No. 36, Sentencing Tr. 10:5-23.)

**II.**

The Court adopts the Magistrate Judge's thorough statement of the standard of review applicable under § 2254 to which Petitioner did not object. Petitioner asserts eight objections to the R&R. Petitioner divided his objections using the section headings used by the Magistrate Judge. In light of the number of claims Petitioner asserted in his § 2254 petition and the length of the R&R, the Court will use the same titles for the section headings that were used by the Magistrate Judge.

**A.    "Sixth Amendment and Due-Process Claims Based on the Trial Court's Ruling During Closing Argument (Ground I)"**

The Magistrate Judge concluded that as to Petitioner's trial counsel having been "precluded" from arguing that Petitioner's brother shot Mr. Austin, "the state-court determination that no Sixth Amendment or Fourteenth Amendment Due Process violation occurred easily passes muster under deferential AEDPA standards." (R&R 36.) Petitioner objects to the Magistrate Judge's conclusion that Petitioner's argument was based on a distortion of the record. Petitioner repeats a statement the state court judge made during the closing argument of Petitioner's trial counsel; however, Petitioner does not offer any explanation of how his argument is not based on a distortion of the record.

Petitioner testified at trial that his brother, Mark Mattox, was the shooter and Petitioner's trial counsel also made this argument to the jury. However, the state court judge did preclude Petitioner's trial counsel from stating in his closing argument that Mark Mattox had damaged the steering column of a rental car. (Trial Tr., Vol. IV, 203:4-204:3.) The state court judge made this ruling because there was no evidence in the record to support such a statement. In objecting to the Magistrate Judge's conclusion Petitioner does not contend that there was any evidence in the record to support the contention that Mark Mattox had damaged the rental car's steering column. The Michigan Court of Appeals concluded that in light of the absence of evidence in the record, the state trial court had properly exercised its discretion in limiting the closing argument of Petitioner's trial counsel. (Dkt. No. 38, *Michigan v. Mattox*, No. 200288, slip. op. at 3-4 (Mich. Ct. App. Dec. 26,

3

2000).)  Other than the interruption to which Petitioner directs the Court and one other instance, which was in response to an objection by the government, the state court judge did not interrupt or otherwise limit the closing argument of Petitioner's trial counsel.  (Trial Tr., Vol. IV, 181:2-210:12 (entire closing argument of Petitioner's trial counsel); *id* at 185:11-186:18 (the other interruption)).  Applying the AEDPA standard of review, the Court finds that the state court did not err in concluding that no Sixth Amendment or Fourteenth Amendment Due Process violation had occurred.  Therefore, Petitioner's first objection is denied.

**B.     "Sufficiency of the Evidence Supporting Petitioner's Felon in Possession Conviction (Ground II)"**

The Magistrate Judge concluded that "Petitioner's stipulation waived his right to challenge the sufficiency of the evidence on stipulated elements of the criminal offense of being a convicted felon who could not lawfully possess a firearm.  The decision of the Michigan Court of Appeals on this issue was not contrary to, or an unreasonable application of, Supreme Court holdings."  (R&R 38.)  Petitioner's objection appears to be that the Michigan Court of Appeals in analyzing this issue reached a decision that was contrary to or involved an unreasonable application of clearly established federal law.  Petitioner does not identify what clearly established federal law or otherwise explain how the Michigan Court of Appeals's decision was contrary to or an unreasonable application of clearly established federal law.

"It is well settled that a defendant, by entering into a stipulation, waives his right to

assert the government's duty to present evidence to the jury on the stipulated element." *United States v. Harrison*, 204 F.3d 236, 240 (D.C. Cir. 2000) (citations omitted). *See also United States v. Poulack*, 236 F.3d 932, 938 (8th Cir. 2001); *United States v. Hardin*, 139 F.3d 813, 816 (11th Cir. 1998); *United States v. Branch*, 46 F.3d 440, 442 (5th Cir. 1995) (per curiam). As to the reading of the stipulation to the jury, Petitioner has not identified any Supreme Court holdings that require as much.[1] As the decision of the Michigan Court of Appeals on this question was not contrary to, or an unreasonable application of, Supreme Court holdings, Petitioner's second objection is denied.

C.     **"Jury Instructions (Ground III)"**

---

[1] The Magistrate Judge stated that "[e]very federal appellate court that addressed the issue has held that by entering into the stipulation, a criminal defendant waives his right to assert the government's burden of presenting evidence to the jury on the stipulated elements of the criminal offense, 'including a reading of the stipulation itself.'" (R&R 37 (quoting *Harrison*, 204 F.3d at 241).) After the Magistrate Judge issued the R&R, the First Circuit issued its decision in *United States v. Pratt*, 496 F.3d 124 (1st Cir. 2007), in which the First Circuit criticized *Harrison* and *Hardin* and indicated that a stipulation should be published to the jury. *Pratt*, 496 F.3d at 127-28, 129 n.4. *See also United States v. Gilliam*, 167 F.3d 628, 639 (D.C. Cir. 1999) (stating that a stipulation should be entered into evidence); *United States v. James*, 987 F.2d 648, 651 (9th Cir. 1993) (holding that because the stipulation was not entered in to evidence there was "no fact in evidence that the jury could take as proved"). The First Circuit went on to hold that the failure to publish the stipulation to the jury was a "technical error" that did "not remotely warrant reversal of [the defendant]'s conviction." *Id.* at 130. *Pratt, Gilliam*, and *James* do not support the conclusion that the decision of the Michigan Court of Appeals was contrary to, or an unreasonable application of, Supreme Court holdings because they are not Supreme Court decisions or applications of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). *See also Pratt*, 496 F.3d at 131 (Boudin, C.J., concurring in judgment) ("No single ritual has been prescribed for advising the jury that a factual issue has been stipulated to by the parties. . . . Nor is there any indication of any 'standard practice'-- whatever this may mean--or that the district judge departed from what the parties intended.").

The Magistrate Judge concluded that Petitioner's jury instruction claims "are procedurally defaulted, and that the procedural bar has not been overcome by a showing of cause and prejudice or of actual innocence. Alternatively, I find that petitioner's claims are meritless and fail to provide a basis for federal habeas corpus relief." (R&R 46.) Petitioner objects to the Magistrate Judge's conclusion that his claim is procedurally defaulted and directs the Court to the Supreme Court's decision in *United States v. Olano*, 507 U.S. 725 (1993). *Olano* involved plain error review on direct appeal under Federal Rule of Criminal Procedure 52(b). 507 U.S. at 727. The specific question in *Olano* was whether the presence of alternate jurors in the jury room during deliberations, which the government had conceded was "plain error," affected the defendants' "substantial rights." *Id.* at 737. *Olano* does not address whether Petitioner has shown cause and prejudice or actual innocence to overcome the procedural bar to his jury instruction claim. The other cases Petitioner cites in support of this objection also do not address whether Petitioner has shown cause and prejudice or actual innocence to overcome the procedural bar. As the Petitioner has not set forth any errors in the Magistrate Judge's analysis of this issue and the Court has found none, Petitioner's third objection is denied.

D.   **"Double Jeopardy (Ground IV)"**

Petitioner contends that his convictions for possession of a firearm during the commission of a felony, M.C.L. § 750.227b, and possession of a firearm by a person convicted of a felony, M.C.L. § 750.224f, violate the Double Jeopardy Clause of the Fifth

Amendment.  The Magistrate Judge concluded that the "state court decision finding no violation of the Double Jeopardy Clause easily passes review under AEDPA standards." (R&R 50.)  Petitioner objects to the Magistrate Judge's conclusion that these two convictions do not violate the "same elements" test set forth by the Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 304 (1932).  The "same elements" test asks "whether each provision requires proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304 (citing *Gavieres v. United States*, 220 U.S. 338, 342 (1911)).  Petitioner's conviction for possession of a firearm during the commission of a felony required proof that petitioner had committed assault with intent to murder.  (Trial Tr., Vol. IV, 233:23-234:10 (jury instructions).)  Petitioner's conviction for possession of a firearm by a person convicted of a felony required proof that prior to August 21, 1995, Petitioner had been convicted of a felony.  (*Id.* at 234:11-24 (jury instructions).)  Thus, Petitioner's convictions for possession of a firearm during the commission of a felony and possession of a firearm by a person convicted of a felony comport with the *Blockburger* "same elements" test as each conviction required proof of an element which the other did not.  As Petitioner's contention about the application of  "same elements" test to his conviction is incorrect, Petitioner's fourth objection is denied.

E.  **"Jury Selection (Ground V)," "Equal Protection (Ground VII)," and "Cumulative Effect (Ground IX)"**

Petitioner next makes a generalized objection that the state courts and the Magistrate Judge did not consider his contentions about jury selection and equal protection to the extent

required by due process. "Overly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995), and *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)). "'The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.'" *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). In making this objection Petitioner has not specified any errors in the R&R. In the absence of any specified error, Petitioner's fifth objection is denied as a general objection.

F.  **"Prosecutorial Misconduct (Ground VI)"**

The Magistrate Judge concluded that "the state court determination that these alleged instances of prosecutorial misconduct, individually and collectively, did not deprive petitioner of a fundamentally fair trial easily withstands scrutiny under the applicable standards." (R&R 69.) Petitioner objects to the Magistrate Judge's conclusion that the prosecutor did not "vouch" for Dawn Bethany in her closing argument.[2] Dawn Bethany was a resident of the apartment complex were Mr. Austin was shot. Ms. Bethany initially testified at trial that the man who had shot Mr. Austin was not present in the courtroom.

---

[2] In his objections to the R&R Petitioner also contends that the prosecutor "vouched" for Clint Brooks; however, Petitioner's § 2254 petition only alleged "vouching" as to Dawn Bethany. (Pet. for Writ of Habeas Corpus, Att. C, 10.) Petitioner raises the question of "vouching" as to Clint Brooks for the first time in his objections to the R&R. In objecting to an R&R a party may not raise new issues or arguments that were not presented to the Magistrate Judge. *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000). Because Plaintiff failed to raise the prosecutor's alleged "vouching" for Clint Brooks before the Magistrate Judge, he is deemed to have waived it.

(Trial Tr., Vol. II, 69:12-22.) Ms. Bethany was later recalled as a witness and she then testified that she saw Petitioner shoot Mr. Austin. (Trial Tr., Vol. III, 28:23-30:7.) She also testified that she had initially testified falsely because she feared for the safety of her five-year-old son. (*Id.* at 28:5-22.) Petitioner contends that it was improper for the prosecutor to attempt to explain the inconsistency between Ms. Bethany's initial testimony and her testimony when she was recalled. A prosecutor may suggest an explanation for a witness's inconsistent statements that is based on evidence in the record, *United States v. Emuegbunam*, 268 F.3d 377, 402-05 (6th Cir. 2001), which is what the prosecutor did as to the inconsistent statements of Ms. Bethany. Therefore, Petitioner's sixth objection is denied.

G.  **"Ineffective Assistant of Trial Counsel (Ground VIII)," "Ineffective Assistance of Counsel: (A) Failure to Call Sabrina Johnson-Mattox and Tammy Lee as Witnesses; (B) Failure to Object and Move for a Curative Instruction; and (C) Cumulative Effect of Trial Counsel's Errors (Ground X)," and "Ineffective Assistance of Appellate Counsel (Ground XII)"**

Petitioner objects to the Magistrate Judge's conclusion that Petitioner's claims of ineffective assistance do not provide a basis for granting Petitioner habeas corpus relief. Petitioner first contends that the Magistrate Judge did not accurately set forth the state court procedural history. Contrary to Petitioner's contention, the facts he identifies are reflected in the R&R, (R&R 6-30), and the Court finds that the Magistrate Judge accurately set forth the state court procedural history.

9

Petitioner next contends that he is entitled to an evidentiary hearing pursuant 28 U.S.C. § 2254(e)(2) because he allegedly exercised due diligence in developing the record in state court of his ineffective assistance of counsel claim.  In addition to showing due diligence in developing the record in state court, § 2254(e)(2) requires a § 2254 petitioner to show that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." § 2254(e)(2)(B). *See also Wilson v. Parker*, No. 05-5191, -- F.3d --, 2008 U.S. App. LEXIS 1902, at *44-45, 2008 WL 220418, at *16 (6th Cir. Jan. 29, 2008) (applying § 2254(e)(2)(B)).  Petitioner seeks an evidentiary hearing to further develop the facts underlying his ineffective assistance of counsel claims, specifically the decision of Petitioner's trial counsel not to call Sabrina Johnson-Mattox and Tammy Lee as witnesses.  The Magistrate Judge addressed trial counsel's decision not to call Sabrina Johnson-Mattox and Tammy Lee. (R&R 84-85.)  Petitioner identifies portions of the trial transcript that would support the testimony that Petitioner alleges Sabrina Johnson-Mattox and Tammy Lee would have given.  The fact that other testimony would have supported the testimony of Sabrina Johnson-Mattox and Tammy Lee does not render trial counsel ineffective for not calling Sabrina Johnson-Mattox and Tammy Lee because, as set forth by the Magistrate Judge, other independent reasons supported trial counsel's decision.  Assuming *arguendo* that Petitioner did exercise due diligence, Petitioner has not shown that but for constitutional error, no reasonable factfinder would have found Petitioner

guilty of the three offenses. Therefore, Petitioner's request for an evidentiary hearing and seventh objection are denied.

### H.     "Alleged Use of Perjured Testimony (Ground XI)"

The Magistrate Judge concluded that the purported inconsistencies in the testimony of Clint Brooks and Dawn Bethany do not "demonstrate the knowing use of perjured testimony by the prosecutor." (R&R 87.) Petitioner objects to the Magistrate Judge's statement that "[t]his court does not make credibility determinations on habeas corpus review." (*Id.*) Petitioner supports his contention that the prosecutor knowingly used perjured testimony with citations to the trial transcript. Thus both the testimony that Petitioner alleges was perjured and the testimony that Petitioner uses to support that contention were before the jury. Petitioner points to alleged inconsistencies in the testimony of various witnesses, but does not identify any instance in which the Prosecutor knowingly and deliberately used perjured evidence. Moreover, Petitioner identifies no error in the Magistrate Judge's conclusion that credibility determinations are not properly made on habeas corpus review and the Court finds none. Therefore, Petitioner's eighth objection is denied.

### III.

An order and judgment will be entered consistent with this opinion.

Date:    March 17, 2008              /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE